IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD RAY JACKSON,

    Petitioner,                         No. CIV S-02-0946 FCD EFB P

    vs.

THOMAS L. CAREY, et al.,

    Respondents.                   ORDER

                                      /

         Petitioner is a state prisoner with counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This case was the before court on February 21, 2007, for hearing on petitioner's motion for leave to conduct discovery. Carolyn M. Wiggin appeared on behalf of the moving party, the petitioner. Robert C. Cross appeared on behalf of the respondents. Having heard oral argument and considered all submitted papers, the court issues the following order.

         In his petition, petitioner claims that the October 25, 2000, decision finding him not suitable for parole violated due process because it was made pursuant a policy of then Governor Davis to deny parole to prisoners serving life sentences for murder convictions. Petitioner filed a motion for discovery on February 6, 2006, and the parties have informally resolved all of their disagreements but one. The remaining disagreement centers on petitioner's request for numerical information about parole grants and denials for the years 2000 through 2006.

With her motion to permit discovery, petitioner's counsel submitted a set of eight interrogatories. The interrogatories seek specific numerical information about parole hearings, grants, denials, recisions and reversals with respect to male prisoners sentenced to second degree murder between 1990 and 2006. Respondent opposes an order granting petitioner's request for discovery on the ground that this information should have been developed in state court. He relies on the deferential standards of 28 U.S.C. § 2254 for the proposition that on habeas, this court merely "supervises" the state court's handling of challenges to state court judgments and that discovery as contemplated under the Federal Rules of Civil Procedure has no place in these proceedings. However, habeas litigants may "invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so." Rule 6(a), Rules Governing Section 2254 Proceedings. A judge may grant discovery either in anticipation of an evidentiary hearing or to resolve the matter on the merits without a hearing. *See Blackledge v. Allison*, 431 U.S. 63 (1977). Good cause exists when petitioner has made specific allegations demonstrating that there is good reason to believe that through factual development, petitioner may prevail on his claim. *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997). This standard permits the use of discovery to establish a prima facie case for relief. *See Bracy*, 520 U.S. at 906-09; *see* Rule 6, Rules Governing Section 2254 Proceedings, Advisory Committee Note ("Discovery may, in appropriate cases, aid in developing facts necessary to decide whether to order an evidentiary hearing or to grant the writ following an evidentiary hearing."). Petitioner's allegation, described above, is specific. He argues that an informal policy, applicable to a class of prisoners, adversely affected him. A small number of parole grants during the Davis administration, grounded in proper context, could support petitioner's claim. In fact, respondent concedes that such information would be relevant and discoverable, were this not a federal habeas action.

////

////

1   Accordingly, it is ORDERED that petitioner's motion to conduct discovery by
2   propounding the interrogatories attached as Exhibit B to the motion for discovery is granted.
3   Dated: February 23, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE